# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SEDA FRANCE, INC., | § | CASE NO. 10-_____-____ |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| SEDA FRANCE, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | ADV. NO. 10-_____-____ |
| | § | |
| AEGIS TEXAS VENTURE FUND II, L.P., | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, **Seda France, Inc.** ("Seda France"), and submits this its Original Complaint asserting claims against Defendant, **Aegis Texas Venture Fund II, L.P. ("Aegis")**, and in support thereof respectfully states as follows:

### I. Jurisdiction & Venue

1. Jurisdiction of this action is proper in this Court pursuant to 28 U.S.C. §§ 1334, 157(a), and the standing order of reference in the United States District Court for the Western District of Texas. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## II. Parties

2.      **Seda France**, the Plaintiff, is the Debtor-in-Possession in the above styled and numbered bankruptcy case, filed on October 17, 2010 (the "**Bankruptcy Case**").

3.      **Aegis**, the Defendant, is a Limited Partnership formed under the laws of Delaware, and may be served with summons and complaint by serving same upon its registered agent for service of process in Texas, Matthew J. Malone, 16633 Dallas Pkwy., Ste. 600, Addison, Texas 75001.

## III. Facts

4.      Plaintiff, Seda France is based in Austin, Texas. Seda France is a leading name in the home fragrance market, and has earned a reputation for exceptional products and packaging that has made their products renowned. Seda France manufactures and markets candles, diffusers and mists, bath and body products, as well as bridal and custom products.

5.      Defendant, Aegis, is a Houston, Texas based venture capital company. Aegis is a participant in the Texas CAPCO program, which promotes the flow of capital to local businesses and helps to develop venture capital infrastructures in underserved areas.

6.      In early 2008, Seda France and Aegis commenced negotiations in an attempt to reach an agreement pursuant to which Aegis would loan funds to Seda France. The following is a list of the documents circulated among Seda France and Aegis during the negotiations: (1) Loan and Security Agreement ("Security Agreement"); (2) Intellectual Property Security Agreement ("IP Security Agreement"); (3) Tranche 1 Promissory Note ("Note"); (4) Warrant Purchase Agreement and Warrant to Purchase Shares of Common Stock of Seda France, Inc. ("Warrant Agreements"); and (5) Deposit Account Control Agreement ("Account Agreement") (when collectively, the "Loan Documents"). Although the parties reached a general agreement

under which Seda France would borrow up to Two Million, Five Hundred Thousand Dollars ($2,500,000.00) from Aegis, upon information and belief, some, part, or all of the transactional documents were not executed by Aegis and Seda France in identical form. In March of 2008, Seda France borrowed One Million, Two Hundred Twenty Five Thousand Dollars ($1,250,000.00) from Aegis. In August of 2008, Seda France borrowed an additional One Million, Two Hundred Twenty Five Thousand Dollars ($1,250,000.00) from Aegis (collectively, the "Borrowed Funds"). To date, Seda France has repaid approximately One Million, Two Hundred Thousand Dollars to Aegis. Although, upon information and belief, a complete and identical set of documents was never executed, Seda France is informed that Aegis contends it has an enforceable lien upon virtually all of the assets of Seda France to secure payment of the Borrowed Funds (the "Alleged Aegis Lien").

7. On July 21, 2010, after Seda France began struggling to make payments as demanded by Aegis, and years after Aegis provided the Borrowed Funds to Seda France, Aegis unilaterally filed a UCC Financing Statement with the Texas Secretary of State evidencing a security interest in:

> All Inventory, Chattel paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

Then, on July 26, 2010, Aegis unilaterally filed a second UCC Financing Statement against Seda France, Ltd.[1] with the Texas Secretary of State evidencing a security interest in slightly different collateral (when collectively, the "Aegis Financing Statements"). Copies of the Aegis Financing Statements are attached hereto as *Exhibit A*.

---

[1] Seda France, Ltd. converted into Seda France, Inc. (the Debtor-in-Possession) on March 10, 2008.

3

8. Two different law firms filed the differing Aegis Financing Statements. It would appear that Aegis was making a belated attempt to perfect the Alleged Aegis Liens and confusion ensued between the two law firms in describing the collateral within the Aegis Financing Statements. A contributing factor to this confusion was undoubtedly the fact that there was never a meeting of the minds between Aegis and Seda France on the form and content of any security agreement. In any event, because Aegis and Seda France had never reached and entered into an enforceable security agreement, the filing of the Aegis Financing Statements was done without approval of Seda France and was without legal right.

9. Between mid-July 2010 and October 18, 2010 (the "Petition Date"), Seda France made multiple proposals to Aegis. Aegis rejected each proposal, stating that it wanted to be given a large ownership position in Seda France. For the protection of all creditors and parties-in-interest, Seda France was forced to file for protection under the Bankruptcy Code.

## IV.
### Causes of Action

**A. Avoidance of Alleged Aegis Lien Pursuant to 11 U.S.C. § 547(b)**

10. Paragraphs 1 through 7 are incorporated herein as if set forth in full.

11. The filing of the Aegis Financing Statements in an attempt to perfect the Alleged Aegis Lien constitute a "transfer" of an interest in the Debtor in property, to or for the benefit of Aegis, for or on account of an antecedent debt owed by the Debtor to Aegis before the transfer was made.

12. The Debtor was insolvent at the time of the filing of the Aegis Financing Statements by Aegis.

13. The Aegis Financing Statements were filed on or within the 90 days before the date of the filing of the petition in the Bankruptcy Case.

4

14. The filing of the Aegis Financing Statements enables Aegis to receive more than it would receive if (A) the case were a case under chapter 7 of the Bankruptcy Code; (B) the transfer had not been made; (C) Aegis received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. Based upon the foregoing, Seda France may avoid the transfer created by the filing of the Aegis Financing Statements.

**B. Avoidance of Alleged Aegis Lien as Unperfected**

16. Paragraphs 1 through 13 are incorporated herein as if set forth in full.

17. Pursuant to 11 U.S.C. § 544(a), Plaintiff is vested with the rights and status of a hypothetical judicial lien creditor whose lien was perfected at the time of the bankruptcy petition. Such status under 11 U.S.C. § 544(a) allows Plaintiff to avoid an unperfected security interest in a debtor's assets.

18. As the result of the avoidance, pursuant to 11 U.S.C. § 547(b), of the transfer created by the filing of the Aegis Financing Statements, Aegis does not have a perfected security interest as of the Petition Date. Based upon the foregoing and pursuant to 11 U.S.C. § 544(a), Plaintiff may avoid the Aegis Alleged Lien because any such lien is not perfected. Accordingly, the Aegis Alleged Lien is unenforceable as against Seda France.

**C. Declaratory Judgment**

19. Paragraphs 1 through 16 are incorporated herein as if set forth in full.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the Trustee requests the Court declare: (1) that any and all liens asserted by Aegis are invalid because there was never an enforceable security agreement entered into between Aegis and Seda France; (2) that any and all liens asserted by Aegis are avoided and that any claim held by Aegis,

if any, against the bankruptcy estate of Seda France is a general unsecured claim; (3) that Aegis is not entitled to any form of "adequate protection" as that term is used and meant by 11 U.S.C. § 361; and (4) that none of Seda France's property that constitutes property of the estate under 11 U.S.C. § 541(a) is the "cash collateral" of Aegis, and Aegis has no rights arising under 11 U.S.C. § 363(c)(2) with respect to Seda France's cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents, or any proceeds, products, offspring, rents or profits.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Seda France, Inc., respectfully requests for judgment as follows:

(1) Adjudicating the filing of the Aegis Financing Statements avoided pursuant to 11 U.S.C. § 547(b);

(2) Adjudicating the avoidance of the Alleged Aegis Lien pursuant to 11 U.S.C. § 544(a);

(3) Declaring: (a) that any and all liens asserted by Aegis are invalid because there was never an enforceable security agreement entered into between Aegis and Seda France; (b) that any and all liens asserted by Aegis are avoided and that any claim held by Aegis, if any, against the bankruptcy estate of Seda France is a general unsecured claim; (c) that Aegis is not entitled to any form of "adequate protection" as that term is used and meant by 11 U.S.C. § 361; and (d) that none of Seda France's property that constitutes property of the estate under 11 U.S.C. § 541(a) is the "cash collateral" of Aegis, and Aegis has no rights arising under 11 U.S.C. § 363(c)(2) with respect to Seda France's cash, negotiable instruments, documents of

title, securities, deposit accounts or other cash equivalents, or any proceeds, products, offspring, rents or profits; and

(4) Providing Plaintiff such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> BROWN MCCARROLL, L.L.P.
> 111 Congress Avenue, Suite 1400
> Austin, TX 78701
> (512) 472-5456
> (512) 226-7324 (fax)
>
> By:_____
>     Stephen W. Lemmon
>     State Bar No. 12194500
>     Kell C. Mercer
>     State Bar No. 24007668
>     Afton D. Sands
>     State Bar No. 24060555
>
> ATTORNEYS FOR PLAINTIFF
> SEDA FRANCE, INC.