IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SEDA FRANCE, INC., | § | CASE NO. 10-_____-___ |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| 8301 SPRINGDALE ROAD, #800 | § | |
| AUSTIN, TEXAS 78724 | § | |
| | § | |
| TAXPAYER IDENTIFICATION NO.: | § | |
| _____ | § | |

## CHAPTER 11 PLAN OF REORGANIZATION

The Debtor, **Seda France, Inc.**, proposes the following Plan of Reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code. Reference is hereby made to the Disclosure Statement which discusses the history of the Debtor, its business, management, assets and liabilities. The Disclosure Statement also provides a summary of this Plan of Reorganization. **YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING HOW THIS PLAN OF REORGANIZATION WILL AFFECT YOUR CLAIM(S) AND/OR INTERESTS.**

### SUMMARY OF THE PLAN

The Plan contemplates: (1) full payment, in cash, on the Effective Date, or as otherwise agreed, of all Allowed Administrative Claims; (2) full payment, through quarterly cash payments, of all Allowed Priority Tax Claims, together with interest at the rate required by 11 U.S.C. § 511, or as otherwise agreed, over a period through the fifth anniversary of the Effective Date; (3) full payment, through quarterly cash payments, of all Allowed Priority Non-Tax Claims, together with interest at the Priority Non-Tax Interest Rate, or as otherwise agreed, over a period through the fifth anniversary date of the Effective Date; (4) full payment, through quarterly cash payments, of all Allowed Secured Claims, together with interest at the Secured Claim Interest Rate, over a period through the fifth anniversary of the Effective Date; (5) full payment, through quarterly cash payments, commencing on the Effective Date, of all Vender Claims, together with interest at the Vendor Interest Rate, payment to be completed by the eighteenth month following the Effective Date; (6) full payment, through quarterly cash payments, commencing on the Effective Date, of all Note Claims, together with interest at the Note Claim Interest Rate, payment to be completed by the eighteenth month following the Effective Date; (7) full payment, through quarterly cash payments, of all General Unsecured Claims, including the Aegis Unsecured Claim, together with interest at the General Unsecured Interest Rate, over a period through the sixth anniversary of the Effective Date.

Additionally: (1) the Reorganized Debtor shall litigate (and continue any litigation commenced by the Debtor-in-Possession) all Causes of Action including Avoidance Actions for the benefit of holders of Allowed General Unsecured Claims and shall make distributions to holders of Allowed General Unsecured Claims based upon the settlement or litigation of any Causes of Action including Avoidance Actions; and (2) each executory contract and unexpired lease to which Debtor is a party which has not previously been assumed or rejected shall be deemed rejected unless expressly assumed pursuant to the Plan as set forth in the attached **Exhibit A.** All objections to Claims not allowed herein must be filed within ninety (90) days following the Confirmation Date of the Plan, unless extended by the Bankruptcy Court.

# ARTICLE 1
# TREATMENT OF ADMINISTRATIVE
# CLAIMS AND PROFESSIONAL CLAIMS

1.1     Administrative Claims:  Except to the extent that any entity entitled to payment of any Allowed Administrative Claim agrees to a different treatment, each holder of an Allowed Administrative Claim shall receive Cash in an amount equal to such Allowed Administrative Claim on the later of the Effective Date or the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as practicable, but not to exceed the later of (i) five (5) business days from the date such Administrative Claim becomes an Allowed Administrative Claim; or (ii) five (5) business days from the date of the Effective Date; provided, however, those Administrative Claims representing liabilities incurred in the ordinary course of business by the Debtor on or after the Petition Date or assumed by the Debtor pursuant to this Plan or an order of the Court shall be paid by the Reorganized Debtor in accordance with the terms and conditions of the particular transactions and any agreements relating thereto or any order of the Court.

1.2     Administrative Claim Bar Date:  This Plan constitutes a motion to fix and establish an administrative bar date of thirty (30) days following the Confirmation Date.  Upon entry of the Confirmation Order, the Debtor shall provide notice of such Administrative Claim Bar Date to every Person that may assert an Administrative Claim against the Debtor.

1.3     Administrative Claim Objection Deadline: This Plan constitutes a motion to fix and establish a deadline to object to timely filed Administrative Claims, such deadline being sixty (60) days following entry of the Confirmation Order.

1.4     Administrative Claim Reserve:  On the Effective Date, the Reorganized Debtor will fund the Administrative Claim Reserve in an amount sufficient to pay all Allowed Administrative Claims in full (other than those Administrative Claims to be paid in the ordinary course of business of the Reorganized Debtor).  The funds in the Administrative Claim Reserve shall be released and paid over to those holders of Allowed Administrative Claims.  Any funds remaining in the Administrative Claim Reserve following payment of All Allowed Administrative Claims shall be released to the Reorganized Debtor.

1.5     Claims of Professionals:  Any Claims of Professionals approved by the Court, and not previously paid pursuant to any orders approving such payments, shall be paid in Cash in such amounts as are Allowed by Final Order of the Court (a) within five (5) business days following the date

2
4488020.1
59713.1

such Claim of a Professional becomes an Allowed Administrative Claim; or (b) upon such other terms as may be mutually agreed upon between such holder of a Claim and the Reorganized Debtor.

1.6     Claims of Professionals Bar Date: This Plan constitutes a motion to fix and establish a bar date of thirty (30) days following the Effective Date for the filing of final applications for allowances of compensation for services rendered and reimbursement of expenses incurred through the Effective Date. All Professionals seeking compensation for unpaid services rendered or reimbursement of expenses incurred through and including the Effective Date shall file their respective applications no later than such date as set forth in this Section. Upon entry of the Confirmation Order, the Debtor shall provide notice of such Bar Date to every Person that may assert a Claim for Professional fees against the Debtor.

1.7     Claims of Professionals Objection Deadline: This Plan constitutes a motion to fix and establish a deadline to object to timely filed Claims of Professionals, such deadline being sixty (60) days following the Effective Date.

1.8     Professionals Account: On the Effective Date, the Reorganized Debtor will fund the Professionals Account in an amount sufficient to pay all Allowed Claims of Professionals in full.

1.9     United States Trustee Fees: All fees owing to the United States Trustee pursuant to 28 U.S.C. § 1930 shall be paid by the Reorganized Debtor in Cash as such fees become due.

## ARTICLE 2
## DIVISION OF CREDITORS INTO CLASSES

2.1     Classification: As provided in section 1123(a) of the Bankruptcy Code, Administrative Claims shall not be classified for purposes of voting under the Plan. The Allowed Claims against the Debtor are classified as set forth in this Article. A Claim is in a particular Class only to the extent that such Claim fits within the description of such Class, and is in such other and different Class or Classes to the extent that the remainder of such Claim fits within the description of such other Class or Classes. Any dispute with respect to classification of Claims or impairment shall be resolved by the Court upon motion of the holder of such Claim affected thereby, with notice to the Debtor. This Plan shall only provide Distributions to Allowed Claims; except as expressly provided herein nothing within this Plan shall Allow any Claim. The Allowed Claims are classified as follows:

  A. Class 1: PRIORITY TAX CLAIMS
  B. Class 2: PRIORITY NON-TAX CLAIMS
  C. Class 3: SECURED CLAIMS
  D. Class 4: VENDOR CLAIMS
  E. Class 5: NOTE CLAIMS
  F. Class 6: GENERAL UNSECURED CLAIMS
  G. Class 7: EQUITY INTERESTS

2.2     Impaired Classes of Claims: Claims in Classes 2 through 7 are impaired under the Plan, and, therefore, shall be entitled to vote to accept or reject this Plan.

2.3     Impairment Controversies:  If a controversy arises as to whether any Claim or any Class of Claims is impaired under the Plan, the Court shall, upon notice and a hearing, determine such controversy.

2.4     Elimination of Classes:  Any impaired Class that is not occupied as of the date of the Confirmation Hearing by an Allowed Claim or a Claim temporarily allowed pursuant to Bankruptcy Rule 3018 shall be deemed deleted from the Plan for purposes of voting on acceptance or rejection of the Plan and determining whether the Plan has been accepted by such class pursuant to section 1129 of the Bankruptcy Code.

## ARTICLE 3
## ACCEPTANCE OR REJECTION OF THIS PLAN

3.1     Voting of Claims:  Except as provided in this Article, holders of Claims in an impaired Class of Claims shall be entitled to vote to accept or reject this Plan as provided for in the order entered by the Bankruptcy Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject this Plan.

3.2     Acceptance by a Class of Creditors:  Consistent with section 1126(c) of the Bankruptcy Code and except as provided for in section 1126(e) of the Bankruptcy Code, a Class of Creditors shall have accepted this Plan if it is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.

3.3     Cramdown:  If any Class of Claims shall fail to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code, the Bankruptcy Court may still confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code.  The Plan Proponents will seek confirmation of the Plan pursuant to section 1129(b) with respect to any non-accepting Class.

## ARTICLE 4
## TREATMENT OF CLAIMS

**Class 1:  Allowed Priority Tax Claims**

4.1     This Class shall consist of Allowed Priority Tax Claims arising under section 507(a)(8) of the Bankruptcy Code.

4.2     Treatment:  Each holder of an Allowed Priority Tax Claim shall be paid in full, through quarterly cash payments, its Allowed Priority Tax Claims, together with interest at the rate required by 11 U.S.C. § 511, or as otherwise agreed, over a period through the fifth anniversary of the Effective Date.

4.3     Funding:  The Reorganized Debtor shall pay the Allowed Class 1 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.4     Impairment & Voting:  Class 1 is unimpaired.

4488020.1
59713.1

**Class 2: Allowed Priority Non-Tax Claims**

4.5     This Class shall consist of Allowed Priority Non-Tax Claims arising under Section 507(a)(4), (5) or (7) of the Bankruptcy Code.

4.6     Treatment:  Each holder of an Allowed Priority Non-Tax Claim shall be paid in full, through quarterly cash payments, its Allowed Priority Non-Tax Claim, together with interest at the Priority Non-Tax Claim Rate, or as otherwise agreed, over a period through the fifth anniversary of the Effective Date.

4.7     Funding:  The Reorganized Debtor shall pay the Allowed Class 2 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.8     Impairment & Voting:  Class 2 is impaired.  Acceptance of this Plan from holders of Class 2 Claims will be solicited.

**Class 3: Allowed Secured Claims**

4.9     This Class shall consist of all claims secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount such subject to setoff, as the case may be.

4.10    Treatment:  Each holder of an Allowed Secured Claim shall be paid in full, through quarterly cash payments, its Allowed Secured Claim, together with interest at the Secured Claim Rate, or as otherwise agreed, over a period through the fifth anniversary of the Effective Date.

4.11    Funding:  The Reorganized Debtor shall pay the Allowed Class 3 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.12    Impairment & Voting:  Class 3 is impaired.  Acceptance of this Plan from holders of Class 3 Claims will be solicited.

**Class 4: Allowed Vendor Claims**

4.13    This Class shall consist of all Allowed Vendor Claims.

4.14    Treatment:  Each holder of an Allowed Vendor Claim shall be paid in full, through quarterly cash payments, commencing on the Effective Date, its Allowed Vender Claim, together with interest at the Vendor Claim Interest Rate, payment to be completed by the eighteenth month following the Effective Date, or as otherwise agreed.

4.15    Funding:  The Reorganized Debtor shall pay the Allowed Class 4 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.16    Impairment & Voting:  Class 4 is impaired.  Acceptance of this Plan from holders of Class 4 Claims will be solicited.

4488020.1
59713.1

**Class 5: Allowed Note Claims**

4.17    This Class shall consist of all Allowed Note Claims.

4.18    Treatment:  Each holder of an Allowed Note Claim shall be paid in full, through quarterly cash payments, commencing on the Effective Date, its Allowed Note Claim, together with interest at the Note Claim Interest Rate, payment to be completed by the eighteenth month following the Effective Date, or as otherwise agreed.

4.19    Funding:  The Reorganized Debtor shall pay the Allowed Class 5 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.20    Impairment & Voting:  Class 5 is impaired.  Acceptance of this Plan from holders of Class 5 Claims will be solicited.

**Class 6: Allowed General Unsecured Claims**

4.21    This Class shall consist of all Allowed General Unsecured Claims, including, but not limited to, the Allowed Aegis Unsecured Claim.

4.22    Treatment:  Each holder of an Allowed Unsecured Claim shall be paid in full, through quarterly cash payments, commencing on the Effective Date, its Allowed General Unsecured Claim, together with interest at the General Unsecured Claim Interest Rate, over a period through the sixth anniversary of the Effective Date, or as otherwise agreed.

4.23    Funding:  The Reorganized Debtor shall pay the Allowed Class 6 Claims with Cash, from funds available from operations of the Reorganized Debtor.

4.24    Impairment & Voting:  Class 6 is impaired.  Acceptance of this Plan from holders of Class 6 Claims will be solicited.

**Class 7: Equity Interests**

4.25    Holders of equity in the Debtor will retain such interests but will receive no distribution of dividends until allowed claims of Classes 1 through 6 are paid in full.

4.26    Impairment and Voting: Class 7 is impaired.  Acceptance of this Plan from holders of Class 7 Interests will be solicited.

# ARTICLE 5
# IMPLEMENTATION

5.1    Duties of the Reorganized Debtor:  The Reorganized Debtor shall continue to perform the statutory duties of the Debtor, as applicable, and those conferred by and contemplated under this Plan until this Case is closed.

5.2    Revesting of Property:  As of the Effective Date, except as otherwise provided in the Plan, the property of the Estate of the Debtor shall revest in the Reorganized Debtor.  The

4488020.1
59713.1

Reorganized Debtor may operate its business and may use, acquire and disburse property without supervision by the Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, but subject to the terms and condition set forth in the Plan. As of the Effective Date, all property of the Reorganized Debtor shall be free and clear of all Claims, Liens, encumbrances and other interests of Creditors, except as otherwise provided in the Plan.

5.3     Funding of Cash Payments:  As set forth in the Disclosure Statement, the funds necessary to make payments under the Plan will be made available from Cash from the Reorganized Debtor's operations and, for holders of Allowed General Unsecured Claims, the Causes of Action including the Avoidance Actions.

5.4     Retention of Causes of Action:  In accordance with section 1123(b)(3) of the Bankruptcy Code and under this Plan, the Reorganized Debtor will be vested with the right to object to proofs of Claim.  The Reorganized Debtor shall have the right and power to object to proofs of Claim or Claims including those deemed allowed under section 1111(a) of the Bankruptcy Code on any ground, including those set forth in section 502 of the Bankruptcy Code.  **THE RIGHT TO OBJECT TO ANY CREDITOR'S CLAIM IS RESERVED IN FAVOR OF THE REORGANIZED DEBTOR REGARDLESS OF WHETHER THE CREDITOR HAS VOTED IN FAVOR OF OR AGAINST THE PLAN OF REORGANIZATION.** Additionally, except as released, settled and/or compromised herein, the Reorganized Debtor will be vested with the right to prosecute, compromise or otherwise resolve the Avoidance Actions.

5.5     Continuing Investigation: The Debtor's schedules of assets and liabilities identify Creditors whose Claims are Disputed.  The investigation of potential objections to Claims or other Causes of Action has not been completed.  **THE PLAN DOES NOT AND IS NOT INTENDED TO RELEASE ANY SUCH RIGHTS OF ACTION, OR ANY OBJECTIONS TO PROOFS OF CLAIM.  ALL SUCH RIGHTS AND RIGHTS OF ACTION ARE SPECIFICALLY RESERVED IN FAVOR OF THE REORGANIZED DEBTOR.**

## ARTICLE 6
## CAUSES OF ACTION

6.1     Prosecution of Causes of Action.  After the Effective Date, the Reorganized Debtor, in its sole discretion, shall evaluate the potential Causes of Action including the Avoidance Actions and determine whether to pursue any such Causes of Action including Avoidance Actions for the benefit of the holders of Allowed General Unsecured Claims.  The Debtor's Statement of Financial Affairs identifies the parties who received payments and transfers from the Debtor, which payments and transfers may be avoidable under the Bankruptcy Code.  In particular, Section 3 of the Debtor's Statement of Financial Affairs identifies those parties that received transfers from the Debtor during the ninety (90) days preceding the Filing Date, which transfers may be avoidable under section 547 of the Bankruptcy Code.  The Reorganized Debtor will continue to litigate, compromise and/or otherwise resolve any Avoidance Actions or other Causes of Action commenced prior to the Effective Date by the Debtor-in-Possession.

**THE PLAN DOES NOT AND IS NOT INTENDED TO RELEASE AVOIDANCE ACTIONS, AND ALL SUCH RIGHTS OF AVOIDANCE ACTIONS ARE**

**SPECIFICALLY RESERVED IN FAVOR OF THE REORGANIZED DEBTOR ON BEHALF OF THE HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS.**

After the Effective Date, the Reorganized Debtor shall prosecute, compromise or otherwise resolve any and all Causes of Action including the Avoidance Actions that the Reorganized Debtor determines should be pursued. The Reorganized Debtor shall retain counsel on an appropriate basis to prosecute any Causes of Action including the Avoidance Actions. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action including Avoidance Actions and approve any settlement thereof. The Net Proceeds of the Causes of Action including the Avoidance Actions shall be distributed, first, in payment of the litigation fees and expenses of the Reorganized Debtor, and, second, for distribution pro rata to the holders of Allowed General Unsecured Claims.

## ARTICLE 7
## OBJECTION TO PROOFS OF CLAIM

7.1 <u>Objections to Claims</u>: Except as otherwise provided in this Plan in connection with Administrative Claims and Claims of Professionals, objections to Claims must be filed with the Court and served in accordance with the Bankruptcy Rules by the later of (i) ninety (90) days following the Confirmation Date or (ii) thirty (30) days following the date such proof of Claim was timely filed; otherwise, such Claims shall be deemed Allowed in accordance with section 502 of the Bankruptcy Code, unless an extension of such time period is sought by the Reorganized Debtor.

7.2 <u>Responses to Objections</u>: Prior to the expiration of twenty-one (21) days from receipt of an objection, the claimant whose Claim has been objected to must file with the Court and serve upon the objecting party a response to such Claim objection. Failure to file such a response within the twenty-one (21) day time period shall cause the Court to enter a default judgment against the non-responding claimant and thereby grant the relief requested in the claim objection.

## ARTICLE 8
## PROVISIONS RELATING TO DISPUTED CLAIMS RESERVE

8.1 <u>Distributions on Allowed Claims Only</u>: Distributions under the Plan shall be made only to the holders of Allowed Claims. Until a Disputed Claim becomes an Allowed Claim, the holder of that Disputed Claim shall not receive the consideration otherwise provided to holders of Claims in the same Class as such Claim under the Plan. The Claim of any holder of an Allowed Claim that has received notice that the Reorganized Debtor may seek to bring an Avoidance Action against such holder under section 547 of the Bankruptcy Code shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code until such time as the avoidable transfers are returned to the Debtor's estate or the Avoidance Action is otherwise resolved. Disallowance shall include any Assumed Agreement that has any outstanding balance owed to the Debtor. No Distribution shall be made to any holder of an Assumed Agreement unless and until such holder pays any outstanding amount due to the Debtor.

8.2 <u>Establishment of Disputed Claims Reserve</u>: On the occasion of each payment required under the Plan, the Reorganized Debtor, shall deposit Cash in a segregated, interest bearing

account in such amount necessary to pay all Disputed Claims in accordance with the terms of this Plan if such Claims were to become Allowed Claims. This account shall be called the Disputed Claim Reserve. The Reorganized Debtor shall hold the Disputed Claim Reserve in trust for the benefit of the holders of Allowed Claims whose Distributions are unclaimed and the holders of Disputed Claims pending determination of their entitlement thereto under the terms of the Plan. When a Disputed Claim becomes an Allowed Claim, the Reorganized Debtor shall release and deliver the Distributions reserved for such Allowed Claims (net of distribution costs) from the Disputed Claim Reserve. To the extent of any funds exist in the Disputed Claim Reserve after resolution of all Disputed Claims and distribution to all Allowed Claims, such funds shall be released to the Reorganized Debtor.

## ARTICLE 9
## DELIVERY OF DISTRIBUTIONS

9.1     Record Date: The record date for purposes of this Plan will be _____ (the "Record Date"). At the close of business on the Record Date, there shall be no further changes in the record holders of Claims. The Reorganized Debtor shall have no obligation to recognize any transfer of any such Claims occurring after the Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Record Date.

9.2     Delivery of Distributions and Undeliverable Distributions: Distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth on the schedules filed by the Debtor with the Court unless superseded by the address as set forth on the proofs of Claim filed by such holders or other writing notifying the Debtor of a change of address. If any holder's Distribution is returned as undeliverable, unless otherwise provided by applicable law or local rule, no further Distributions to such holder shall be made unless and until the Reorganized Debtor are notified of such holder's then current address, at which time all missed Distributions shall be made to such holder, without interest. Unless otherwise provided by applicable law or the Bankruptcy Rules, all claims for undeliverable Distributions shall be made within sixty (60) days after the date such undeliverable Distribution was initially made. After such date (as applicable), all unclaimed property shall be remitted to the Reorganized Debtor; the holder of any such Claim shall not be entitled to any other or further Distribution under this Plan on account of such Claim and such Claim shall be deemed disallowed for purposes of any such Distribution.

9.3     Time Bar to Cash Payments: All uncashed Distributions shall be handled in accordance with this Article, unless provided otherwise by applicable law. Checks issued by the Debtor in respect of any Allowed Claim shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. The holder of the Allowed Claim to whom such check originally was issued shall make a request for re-issuance of any check to the Reorganized Debtor. Any claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the ninety (90) day period following the date of issuance of such check; provided however checks issued for the final Distribution that become null and void in accordance with the provisions contained herein shall not be re-issued and the holders of such Claims shall waive any right to the re-issuance of such checks. After such date, all funds held on account of such voided check shall be remitted to the Reorganized Debtor; the holder of any such

9

Claim shall not be entitled to any other or further Distribution under this Plan on account of such Claim and such Claim shall be deemed disallowed for purposes of any such Distribution.

9.4	Prepayments:  So long as the Reorganized Debtor remains current on all other Plan payments, the Reorganized Debtor reserves the right to prepay or settle Allowed Claims except as otherwise provided in this Plan.

9.5	Transactions on Business Days: If the Effective Date or any other date on which a transaction may occur under this Plan shall occur on a day that is not a Business Day, the transactions contemplated by this Plan to occur on such day shall instead occur on the next succeeding Business Day.

## ARTICLE 10
## CONDITIONS PRECEDENT TO EFFECTIVENESS OF THIS PLAN

The effectiveness of this Plan is subject, in addition to the requirements provided in Section 1129 of the Bankruptcy Code, to satisfaction of the following conditions precedent:

a.	All actions, documents and agreements necessary to implement the Plan shall have been effected or executed;

b.	The Debtor shall have received all authorizations, consents, regulatory approvals, rulings, letters, no-action letters, opinions or documents that are determined by the Debtor to be necessary to implement the Plan; and

c.	The Debtor shall have approved the form and terms of the Confirmation Order.

## ARTICLE 11
## EXECUTORY CONTRACTS & LEASES

11.1	Assumed Contracts:   The contracts and leases listed on **Exhibit A** (the "Assumed Agreements") shall be assumed on the Effective Date and shall vest in the Reorganized Debtor. Entry of the Confirmation Order shall constitute approval of such assumptions pursuant to Section 365(a) of the Bankruptcy Code and a finding by the Court that each such assumption is in the best interests of the Debtor, its Estate, and all parties in interest in this Case.  In addition, the Confirmation Order shall constitute a finding of fact and conclusion of law that (i) each Assumed Agreement is an executory contract or lease which may be assumed by the Debtor, (ii) there are no defaults of the Debtor, no cure payments owing, no compensation due for any actual pecuniary loss and there is adequate assurance of future performance with respect to of each Assumed Agreement, (iii) upon the Effective Date, each Assumed Agreement constitutes legal, valid, binding and enforceable contracts in accordance with the terms thereof, and (iv) the counter party to each Assumed Agreement is required to and ordered to perform under and honor the terms of such Assumed Agreement.

11.2	Contested Assumption: With respect to an Assumed Agreement to which a timely objection to assumption on the terms and with the findings and conclusions of law specified above has been filed (each a "Contested Assumed Agreement"), the Debtor shall have five (5) business days after the date of entry of an order by the Court with respect to any such timely

objection regarding (i) the nature, extent and amount of any default, if any, by the Debtor, (ii) the method of cure thereof, (iii) the method of providing compensation for any actual pecuniary damage as a result of any default, if any, and the method of providing adequate assurance of future performance, and (iv) all other matters pertaining to assumption of such Assumed Agreement, to assume any such Contested Assumed Agreement on the terms and conditions so specified in the order of the Court (or on such other terms and conditions as may be agreed to by the counter party to the Contested Assumed Agreement and the Debtor) by filing a written notice of assumption of such Contested Assumed Agreement (the "Notice of Assumption") in the record of this Case. Any Contested Assumed Agreement which the Debtor elects to assume on the conditions agreed upon by the parties or specified in the order of the Court shall be assumed by filing a Notice of Assumption by the Debtor as of the Effective Date, and the Reorganized Debtor shall satisfy the conditions specified in the order of the Court (or such other terms and conditions as may be agreed to by the counter party to the Contested Assumed Agreement and the Reorganized Debtor), in connection with said Contested Assumed Agreement.

11.3    Notice: To the Debtor's knowledge, except as set forth on Exhibit A, none of the Assumed Agreements have any cure amount due and owing. Therefore, this Plan and its Disclosure Statement shall serve as notice to any counterparty to the Assumed Agreements, except as set forth on Exhibit A, that no cure amount is due and owing. Failure by such counterparty to object to the assumption and allocation of such Assumed Agreement shall be deemed to waive any claim arising under such agreement prior to the Effective Date.

11.4    Agreements Not Assumed: As of the Effective Date, except for the Assumed Agreements, the Debtor shall be deemed to have rejected any and all unexpired leases and executory contracts to which it is a party and that the Debtor have not previously rejected or assumed pursuant to Section 365 of the Bankruptcy Code. The Confirmation Order shall constitute approval of rejection of such contracts and leases. Such contracts shall be deemed rejected as of the day before the Petition Date.

11.5    Claims Relating to Rejection: Any Claim arising from a rejected executory contract or unexpired lease shall be a Rejection Claim. A Rejection Claim shall be treated as a General Unsecured Claim under this Plan if, but only if, a proof of Claim is filed within thirty (30) days after entry of the Confirmation Order.

## ARTICLE 12
## DISCHARGE OF DEBTS AND LIENS, INJUNCTION AGAINST ACTIONS DIRECTED AT CURRENT OFFICERS AND DIRECTORS OF REORGANIZED DEBTOR

12.1    Discharge: To the fullest extent allowed by the Bankruptcy Code, on the Confirmation Date, and subject to the terms of this Plan, the Debtor shall be discharged from, and this Plan shall constitute an extinguishment and novation of, any debt or Claim of whatever character that arose before the Confirmation Date, and any debt or Claim of a kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not—

> (a)    a proof of Claim based on such debt is filed or deemed filed under section 501 of the Bankruptcy Code;
>
> (b)    such Claim is allowed under section 502 of the Bankruptcy Code; or

11

4488020.1
59713.1

(c) the holder of such Claim has accepted the Plan.

On the Confirmation Date, all Liens against any assets and property, except for Liens as explicitly provided in the Plan, shall be deemed extinguished and discharged.

Any litigation, including counterclaims, pending against the Debtor as of the Petition Date shall be deemed resolved and restructured by the provisions of this Plan, and shall be dismissed with prejudice immediately after the Effective Date.

12.2    Injunction.  So long as the Reorganized Debtor does not default and remain in default after notice and opportunity to cure upon any payment due hereunder to a holder of an Allowed General Unsecured Claim, such holder of an Allowed General Unsecured Claim shall be and is enjoined from the commencement or continuation of any action, judicial, administrative, or otherwise, to recover a claim arising from and/or relating to such Allowed General Unsecured Claim against any officer or director of the Reorganized Debtor.  In the event of a default of a payment due hereunder to a holder of an Allowed General Unsecured Claim, that remains uncured by the Reorganized Debtor after ten (10) business days notice of such default, the injunction contained herein shall be released as to that holder of an Allowed General Unsecured Claim.

# ARTICLE 13
# CONSUMMATION OF THE PLAN

13.1    Retention of Jurisdiction:  The Court shall retain and have exclusive jurisdiction over this Case for the purposes stated in items (1) through (13) below.  If the Court abstains from exercising, or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of or relating to this Case, this section shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

1. To determine any and all objections and proceedings involving the allowance, estimation, classification and subordination of Claim, including any counterclaim;

2. To determine any and all applications for allowance of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or this Plan;

3. To determine any applications pending on the Effective Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which one of the Debtor is a party or with respect to which one of the Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

4. To determine any and all applications, adversary proceedings, and contested or litigated matters that may be pending on the Effective Date;

12

5. To consider any modifications of this Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

6. To determine all controversies, suits, disputes and proceedings that may arise in connection with the interpretation, enforcement, consummation or performance of the Plan or any Person's obligations hereunder;

7. To determine all controversies, suits, disputes and proceedings that may arise in connection with this Plan;

8. To hear and determine any Claim belonging to the Debtor, and to consider and act on the compromise and settlement of any other Claim against, or cause of action asserted by, the Debtor;

9. To recover all assets of the Debtor and property of the Debtor's Estate, wherever located;

10. To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including any requests for expedited determinations under section 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Petition Date through, and including, the date that any final distribution is made);

11. To enter a Final Decree closing the Case;

12. To issue orders in aid of execution of this Plan to the extent authorized by section 1142 of the Bankruptcy Code; and

13. To determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with this Plan or the Confirmation Order.

13.2 <u>Retained Jurisdiction for Taxes; Enforcement Remedies</u>: Notwithstanding anything in this Plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to any such claims except for (i) resolving the amount of any such tax claim arising prior to confirmation, and (ii) enforcing the discharge provision of the Plan.

13.3 <u>Modification of Plan</u>: Modifications of this Plan may be proposed in writing by the Plan Proponents at any time before Confirmation, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Plan Proponents shall have complied with section 1125 of the Bankruptcy Code. The Plan may be modified at any time after Confirmation and before its substantial Consummation, provide that the Plan, as modified, meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the Court after notice and hearing, confirms the Plan, as modified, under Section 1129 of the Bankruptcy Code, and the circumstances warrant such modification. At any time after the Confirmation Date, the Reorganized Debtor, without the approval of the Court, may modify the Plan to remedy any defect or omission, or reconcile any such inconsistencies in the Plan or in the

13

Confirmation Order, as such matters may be necessary to carry out the purposes, intent and effect of this Plan, provided that such modification does not materially or adversely affect the interest of Creditors.

13.4     Deemed Acceptance to Modifications:  A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

13.5     Revocation of Plan:  The Plan Proponents reserve the right to revoke and withdraw this Plan before the entry of the Confirmation Order.  If the Plan Proponents revoke or withdraw this Plan, or if confirmation of the Plan does not occur, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

<h1 style="text-align:center">ARTICLE 14<br>MISCELLANEOUS</h1>

14.1     Headings:  Headings are utilized in this Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

14.2     Due Authorization by Creditors:  Each and every Creditor who elects to participate in the Distributions provided for herein warrants that he is authorized to accept in consideration of his Claim against the Debtor the Distributions provided for in this Plan and that there are no outstanding commitments, agreements, understandings, expressed or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by him under this Plan.

14.3     Exemption from Transfer Taxes:  Pursuant to section 1146(c) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by this Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

14.4     Exculpation and Limitation of Liability:  Except as otherwise provided in this Plan, neither the Debtor, nor any of its officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents, and its successors and assigns, as the case may be (collectively, the "Parties"), shall have or incur any claim, obligation, Cause of Action, or liability to one another or to any holder of a Claim, or any other party in interest, or any of its respective agents, employees, representatives, financial advisors, attorneys or affiliates, or any of its successors or assigns, for any act or omission in connection with, or arising out of, the Debtor, the Case, negotiation and filing of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan except for their willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

4488020.1
59713.1

14.5     Courts of Competent Jurisdiction:  If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

14.6     Governing Law:  Except to the extent that the Bankruptcy Code, or other federal law that may be applicable, provides otherwise, the rights, duties and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

14.7     Privileged Communications; Work Product:  For purpose of any proprietary, confidential or privileged information or communication, including attorney-client privileged communications, and documents that would otherwise constitute attorney work product, the Reorganized Debtor shall succeed to the interest of the Debtor and the Debtor's Estate.

    Dated:  October 18, 2010

    */s/ Robert Hernandez*
    Robert Hernandez, Director
    Seda France, Inc.